**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ramon BAZAN, III, Defendant-Appellant.**

**No. 17-40132
Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Filed January 3, 2018

Jimmy Eric Pardue, Carmen Castillo Mitchell, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Bruce Edward Anton, Sorrels, Udashen & Anton, Dallas, TX, for Defendant-Appellant

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM: [*]

Ramon Bazan, III, appeals the 120-month sentence imposed on resentencing for being a felon in possession of a firearm. The district court granted Bazan's 28 U.S.C. § 2255 motion and vacated his original 240-month sentence under the Armed Career Criminal Act in light of *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 2555-57, 2563, 192 L.Ed.2d 569 (2015).

Bazan contends that the district court violated the Ex Post Facto Clause in ap-

---

plying the version of the Sentencing Guidelines in effect at resentencing instead of the version in effect when the offense was committed. We do not decide whether the district court erred, because any error was harmless. *See United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009); *United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007). The district court's statements at resentencing indicate "that the district court had a particular sentence in mind and would have imposed it, notwithstanding the error." *Delgado-Martinez*, 564 F.3d at 753 (internal quotation marks and citation omitted).

The judgment is AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.